```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**James W. Healy, as Trustee of the**
**James W. Healy Revocable Trust**

    **v.**                                     Case No.  08-cv-503-PB
                                                                Opinion No. 2011 DNH 003

**Franklin Electric Co., Inc.**


## MEMORANDUM AND ORDER

I determined following a bench trial that Franklin Electric Co., Inc. is liable to James Healy for breach of contract.  In this Memorandum and Order, I consider whether Healy is entitled to prejudgment interest on his damage award.


## I.  BACKGROUND

Healy sold his business, Healy Systems, Inc., to Franklin in September 2006.  The Stock Purchase Agreement ("SPA") that governed the transaction required Franklin to pay Healy $35,125,000 at the closing (the "Initial Purchase Price") plus 5% of the company's net profits for each year of a five-year period beginning on September 1, 2006 ("the Additional Purchase Price").

Ten percent of the Initial Purchase Price, amounting to $3,512,500 (the "Holdback Amount"), was placed in an interest-bearing escrow account at the closing and was to be withheld for two years.  The SPA entitled Franklin to indemnification and allowed it to set off Healy's indemnification obligation against both the Additional Purchase Price and the Holdback Amount in the event Healy breached certain warranties in the SPA.

Franklin later claimed that Healy breached several warranties in the SPA.  Therefore, it refused to either release the Holdback Amount or pay Healy any of the accrued Additional Purchase Price because it claimed that it was entitled to indemnification for past and future costs that exceeded what Healy was otherwise owed.  In response, Healy sued for breach of contract and declaratory relief.  At trial, I rejected all but one of Franklin's indemnification claims and determined that it was entitled to offset only $374,612.91 against the Additional Purchase Price.  By agreement of the parties, I also left an indemnification claim stemming from what the parties refer to as the "'915 Patent Litigation" unresolved and authorized Franklin to withhold an additional $3,000,000 for this claim.  Thus, I determined that Franklin was entitled to withhold a total of

$3,374,612.91 from the Additional Purchase Price.

The parties agree that the amount that Franklin owes Healy as Additional Purchase Price, in the absence of any offsetting indemnification obligations or accrued interest, is $1,682,745 for the first year, $3,848,378 for the second year, $2,826,027 for the third year, and $1,215,315 for the fourth year. When the $3,374,612.91 that Franklin is entitled to withhold from the Additional Purchase Price is deducted beginning in the first year, it negates the amount that would otherwise have been owed in the first year, and leaves $2,156,510.09 in Additional Purchase Price from the second year, $2,826,027 in Additional Purchase Price from the third year, and $1,215,315 in Additional Purchase Price from the fourth year.[1]  Healy seeks prejudgment interest on this remaining portion of the Additional Purchase Price.[2]

---

[1] The SPA limited Franklin's recourse with respect to the '915 Patent Litigation to the Additional Purchase Price and required Franklin to seek recourse for other indemnification obligations from the Additional Purchase Price before seeking recourse from the Holdback Amount.  Thus, I have set off the money that Franklin is entitled to withhold only against the Additional Purchase Price.

[2] Healy does not seek prejudgment interest on the Holdback Amount because the parties agree on the amount that has accrued to this point on that amount.

## II.  PREJUDGMENT INTEREST STANDARD

State law applies to an award of prejudgment interest in diversity suits.  See Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd., 41 F.3d 764, 772 (1st Cir. 1994).  In this case, the SPA specifies that it is governed by Indiana law.  SPA § 10.5.  Under Indiana law, "[a]n award of prejudgment interest is founded upon the theory that there has been a deprivation of the plaintiff's use of money or its equivalent and that unless interest is added, the plaintiff cannot be fully compensated for the loss suffered."  Bank One Nat'l Ass'n v. Surber, 899 N.E.2d 693, 705 (Ind. Ct. App. 2009).  Specifically, "[d]amages in the form of prejudgment interest are warranted in a contract case if the terms of the contact make the claim ascertainable and the amount of the claim rests upon mere computation."  Id.

## III.  ANALYSIS

Franklin argues that Healy is not entitled to prejudgment interest because Healy had no claim to the funds that Franklin withheld.  The SPA specifically provides that Franklin may seek indemnification by withholding the Additional Purchase Price that would otherwise go to Healy, which Franklin argues means that

-4-

there was no "deprivation" upon which to base prejudgment interest.  See Bank One, 899 N.E.2d at 705.

Healy rebuts this line of argument by pointing out that while Franklin was expected to (and did) argue throughout the trial that withholding the Additional Purchase Price was justified by the indemnification clauses in the SPA, it did not at any point contest the principal amount of damages claimed by Healy in the event there was no right to indemnification.  In support of its argument, Healy points to Wayne Township v. Lutheran Hospital of Fort Wayne, 590 N.E.2d 1130 (Ind. Ct. App. 1992).  In that case, the Lutheran Hospital brought suit against the town to recover expenses it incurred in treating indigent patients.  Id. at 1131.  Wayne Township argued that "because it contested certain patients' eligibility for assistance, the amount it owed Lutheran Hospital was not ascertainable," and therefore prejudgment interest could not be applied.  Id. at 1134.

The Indiana Court of Appeals rejected that argument, noting that "the test is not whether the parties have mutually fixed the amount in dispute; rather, the question is whether the principal amount is ascertainable by mere computation."  Id. (internal quotations omitted).  Because the identity of the patients and

-5-

the amount of their medical expenses was already known, "[t]he fact that Wayne Township contested its liability for the payment of certain patients' accounts did not render the amount any less ascertainable."  Id.  The Wayne Township case is easily contrasted with situations where prejudgment interest has been found to be inappropriate, usually when the trial court must determine the value of losses claimed by the plaintiff.  See, e.g., Woodward v. Heritage Const. Co., Inc., 887 N.E.2d 994, 1002 (Ind. Ct. App. 2008)(finding that prejudgment interest was not appropriate where the parties' claims required the trial court to determine the value of services rendered by the plaintiff contractor).

    This case is much closer to Wayne Township than to Woodward.  Here, as in Wayne Township, there is no dispute over the amount that Healy was entitled to receive absent any liability, because Franklin was simply withholding the undisputed payment amounts that were spelled out in the SPA.  While Franklin did dispute its liability for withholding those funds, essentially claiming it was due an offset as indemnification for other losses, that fact did not affect the principal amount claimed by Healy.  That principal was ascertainable by simple addition of the agreed-upon amounts of the Additional Purchase Price for each year that has

elapsed.  Because Franklin's mere denial of liability is insufficient to prevent the damages from being ascertainable, prejudgment interest is appropriate on the funds Franklin withheld while seeking indemnification.

This result is also consistent with the general policy underlying Indiana's prejudgment interest rule: ensuring that a plaintiff is fully compensated for the loss suffered.  See Fackler v. Powell, 923 N.E.2d 973, 977 (Ind. Ct. App. 2010) (noting that "[p]rejudgment interest is awarded to fully compensate an injured party for the lost use of money").  Here, absent Franklin's wrongful withholding, Healy would have received undisputed amounts of the Additional Purchase Price.  Receiving that money without interest would not fully compensate Healy for the time he has been deprived of the money.

It should be noted that although the parties did not agree on a specific interest rate in the SPA, Indiana law provides for prejudgment interest at the rate of eight percent per annum when the parties do not otherwise agree on a rate.  Ind. Code §24-4.6-1-102.  As the parties did not establish in the SPA an interest rate for Additional Purchase Price funds that were wrongfully withheld, this eight percent rule applies to those funds.  See Bank One, 899 N.E.2d at 706.  The interest shall be calculated

for each year beginning on the date that the amount first would have become due absent Franklin withholding the money. See Fackler, 923 N.E.2d at 977 ("Prejudgment interest is computed from the time the principal amount was demanded or due . . . .").

## IV. CONCLUSION

For the reasons stated above, I grant Healy's request for prejudgment interest (Doc. No. 57).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 5, 2011

cc: Dennis M. Lindgren, Esq.
    Robert L. Kirby, Jr., Esq.
    W. Daniel Deane, Esq.
    Colin M. Proskel, Esq.
    David C. Blickenstaff, Esq.
    Jonathan M. Shirley, Esq.
    Joshua M. Wyatt, Esq.
    Daniel E. Will, Esq.